## Case No. 3,829.

### In re DETERT.

[11 N. B. R. 293;[1] 7 Chi. Leg. News, 130; 14 Am. Law Reg. (N. S.) 166.]

District Court, W. D. Missouri. 1875.

BANKRUPTCY — HOMESTEAD RIGHTS — PROPERTY FRAUDULENTLY CONVEYED — SURRENDER BY CREDITOR.

1. The bankrupt files his petition, praying to have fifteen hundred dollars set apart to him out of the assets of the estate in lieu of a homestead. It appears from the evidence that he conveyed his property in trust, for himself and creditors named in the deed, to delay the collection of a judgment recovered against him. *Held*, that when a party makes a conveyance which is afterwards set aside on account of an illegal preference under the bankrupt law [of 1867 (14 Stat. 517)], both the right to a homestead and dower revive.

2. That a creditor who surrenders his rights under a fraudulent conveyance, must be held to have made a surrender under the 23d section of the act, and not a mere assent on his part for the unsecured creditors to participate in the proceeds of his preference, and the same effect is to be given to the relinquishment of the creditor, as the setting aside of the deed would have had, had it taken place.

Johnson & Botsford, for the homestead.
H. B. Hamilton, contra.

KREKEL, District Judge. The bankrupt files his petition, praying to have fifteen hundred dollars set apart to him out of the assets of the estate in lieu of a homestead. It appears from the evidence, that the bankrupt was indebted to Comstock & Co., who sued him, and recovered judgment; to delay the collection whereof, he conveyed and assigned his property, including his homestead, to Charles F. Meyer, in trust for himself and certain other creditors named in the deed; that within four months after the making of this conveyance he was declared bankrupt, on creditors' petition; that said Meyer and H. B. Hamilton were elected assignees; that Meyer presented his own as well as the creditors' claims named in the trust deed for allowance as secured; that thereupon Hamilton, his co-assignee, objected, alleging that an illegal preference was attempted thereby to be secured, and that the trust deed was, on that account, void; that said Meyer, to avoid the objections, executed an instrument in writing, agreeing that if the objections were withdrawn, and the claim allowed to be proven up as secured, the proceeds derived from the disposition of the property should be equally distributed among all the creditors of the estate; that the objections were withdrawn and the claims allowed as secured; that a sale was ordered by the court under the deed of trust in conformity to its requirements, in which the assignees joined; and that the proceeds of sale were paid into the estate, and treated as part of the general fund now in court. The deed of trust made by the bankrupt to Meyer has never been set aside, but the bankrupt contends that the surrender of the preference by Meyer, as stated under the 23d section of the bankrupt law, has the same effect as the setting aside of the deed would have; and that, consequently, he is entitled to an allowance to the extent, at least, of what the homestead sold for. That a preference was intended to be secured by the trust deed to Meyer is not seriously questioned, but the assignee contends that as the claim was allowed as secured, and the deed of trust held valid, as shown by the sale under it, the proceeds must be treated, so far as the bankrupt is concerned, as discharged from all claims on his part.

It has often been decided, and may be said to be settled law, that where a party makes a conveyance, which is afterward set aside on account of an illegal preference under the bankrupt law, both the right to a homestead and dower revive. Cox v. Wilder [Case No. 3,308]; Vogler v. Montgomery, 54 Mo. 577; McFarland v. Goodman [Case No. 8,789]. The reasons given are that the relinquishment of homestead or dower are for the benefit of the grantee alone, and he having been unable to avail himself of it, the same cannot go to the assignee who claims adversely to the deed. Were it not for the deed being in force, as it is claimed, the case, under the rulings cited, would present no difficulty. The 23d section of the bankrupt law provides that any person having received a preference, shall not prove the claim on account of which the preference was given; nor shall he receive any dividend therefrom, until he shall first have surrendered to the assignee all property, money, or benefit. The manner in which this surrender shall be made, the law has not determined. In the case before the court, Meyer was not permitted to prove his claim, or have any benefit therefrom, until by an instrument in writing he had agreed that the proceeds of his preference should become a part of the general estate of the bankrupt. This may be treated in effect as a surrender under the 23d section, and is not a mere consent on the part of Meyer for the unsecured creditors to participate in the proceeds of his preference. But the question remains, "What effect had this surrender on the rights of the bankrupt?" If the reasons given by the authorities cited, that the conveyance was for the benefit of the grantee and could not operate in favor of the assignee or general creditors, both of whom claimed adversely to the deed, then it must follow that the same effect must be given to this relinquishment of Meyer as the setting aside of the deed, had it taken place, would have had. I am the more inclined to give this effect to the relinquishment under consideration, from the persuasive force of the Missouri case cited, and because of the harmony thus established between the federal and state decisions, furnishing a perma-

---

[1] [Reprinted from 11 N. B. R. 293, by permission.]

nent rule of property. The homestead having been sold at the trustee's and assignee's sale for seven hundred and twenty-five dollars, this amount will be set apart to the bankrupt in lieu of his homestead.